A97A0338. BRYANT v. THE STATE.

(486 SE2d 374)

SMITH, Judge.

Jeffrey Dwight Bryant was charged by accusation with one count of simple battery, OCGA § 16-5-23 (a) (1), and one count of battery.

OCGA § 16-5-23.1 (a). He was tried before a jury, which found him guilty of simple battery and acquitted him of battery. He appeals from the judgment of conviction and sentence following the denial of his motion for new trial.

1. Bryant enumerates the general grounds. The victim testified that she and Bryant had known each other since 1989. On the night in issue in December 1995, they visited several nightclubs together. In the early morning hours, they drove in separate cars to her residence, where she left the car she was driving and accompanied him to his home. She refused to have sex with Bryant unless he wore a condom, and he ordered her to leave even though she had no car. Bryant then telephoned the police to have her removed from the premises. An argument ensued, and when the victim accused Bryant of being infected with the HIV virus and having no respect for women, Bryant struck her in the head with his fist. The victim then gathered her belongings and walked to her home. The next morning, when she sought medical attention for her head, a nurse at the hospital informed the police.

Bryant contends the evidence did not establish his guilt beyond a reasonable doubt because all evidence other than the victim's testimony was circumstantial. Bryant was charged with violating OCGA § 16-5-23 (a) (1), simple battery, "by intentionally making contact of an insulting and provoking nature with [the victim] by hitting her." The evidence was in conflict on the crucial question of whether Bryant hit the victim, and the jury was authorized to believe the testimony of the victim rather than that of Bryant. Taking the victim's testimony as true, as we must, it alone was clearly sufficient to authorize Bryant's conviction of the offense of simple battery under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Bryant also argues that the evidence did not support his conviction because it showed the victim was a criminal trespasser who provoked and insulted him. He relies upon OCGA § 16-5-25, which provides that against a charge of simple battery a defendant may introduce evidence of "opprobrious or abusive language" used by the victim, and the trier of fact may find the attack justified. His reliance upon that statute is misplaced.

First, Bryant did not raise justification as his defense. Instead, he absolutely denied hitting the victim. Second, the jury in this case *heard* the evidence showing that the victim was asked to leave and that she used what Bryant contended was "opprobrious or abusive language" against him. OCGA § 16-5-25 requires nothing more. From this evidence, the jury would have been permitted to find that Bryant was justified in hitting the victim. Notwithstanding the introduction

of this evidence, however, the jury was not *required* to find justification.

2. The trial court granted the State's motion in limine prohibiting the defense from introducing at trial any evidence pertaining to a dispossessory action Bryant initiated against the victim seven months prior to this incident; in that proceeding, he sought to evict her from a condominium he rented to her. The motion also sought to exclude other civil actions he filed against her following this incident. Bryant argues that the court erred in excluding this evidence because it would have shown her motive for accusing him falsely of hitting her.

Bryant is correct in his assertion that it is permissible to question a witness to reveal any possible bias. See OCGA § 24-9-68; *Harrell v. State*, 139 Ga. App. 556, 560-561 (4) (228 SE2d 723) (1976). In this case, however, any such possible bias was exposed for the jury's consideration. The jury heard from both Bryant and the victim that Bryant leased a condominium to the victim, that she lived there virtually rent-free until he became angry and demanded in May 1995 that she pay rent, and that she still owed him money. The fact that they did not hear about the court proceeding for eviction, which was never completed, is immaterial. The jury also heard other testimony that went to a possible motive for the victim to make a false accusation against Bryant. Both the victim and Bryant testified that he refused to invest in a business venture proposed by the victim. The victim's credibility was clearly challenged on these issues.

The trial court simply ruled that the other civil actions were not relevant. Here, as in *Harrell*, supra, the "situation called for the exercise of the trial judge's discretion in limiting cross examination to relevant issues and precluding repetitive questions. We find no abuse of discretion of the trial court." (Citations and punctuation omitted.) *Matthews v. State*, 194 Ga. App. 386, 388 (3) (390 SE2d 873) (1990).

3. Bryant alleges two errors pertaining to the introduction by the State of similar transaction evidence.

(a) He maintains the trial court erred in allowing the State to introduce this evidence when the State did not timely serve notice upon him that it intended to introduce similar transactions. We do not agree.

In this case, the trial commenced on June 17, 1996. The State filed a copy of the notice on June 7, 1996, meeting the requirement for filing in USCR 31.1. Although the certificate of service attached to the notice recited that a copy had been mailed to Bryant's attorney on that date, Bryant's attorney informed the court that the envelope bore a postage meter postmark of June 11, 1996, which was the day he received it. We note that a postmark or postage meter imprint does not necessarily reflect the date on which an envelope is placed

in the United States mail. But regardless of when the notice was mailed, USCR 31.1 provides that the notice be "given and filed at least ten days before trial *unless the time is shortened or lengthened by the judge.*" (Emphasis supplied.) We have interpreted this rule as "clothing the trial court with discretion which will not be controlled absent abuse." *Hall v. State*, 181 Ga. App. 92, 93 (1) (b) (351 SE2d 236) (1986). Even if the time was shortened in this case, the rule permits it. Bryant showed no prejudice attributable to the shortened time, and we find no abuse of the trial court's discretion.

(b) Bryant also asserts error in the trial court's charge on similar transaction evidence. The court neglected to refer to the similar transaction as an "alleged" occurrence when first instructing the jury about the similar transaction before its presentation. We do not agree with Bryant, however, that this instruction created a mandatory presumption, in violation of *Sandstrom v. Montana*, 442 U. S. 510, 520-524 (99 SC 2450, 61 LE2d 39) (1979), that the similar transaction actually occurred. The omission was immediately brought to the court's attention, and the jury was promptly and properly recharged before the evidence was presented. The court also instructed the jury properly with regard to the similar transaction at the conclusion of the case.

Neither do we agree with Bryant that the jury charge on similar transactions amounted to an improper expression of opinion, in violation of OCGA § 17-8-57. It is obvious from the court's charge that the jury was instructed it could itself determine whether the alleged incident took place.

4. Bryant next complains of the State's cross-examining him about previous instances in which he hit women. He argues that this questioning introduced evidence of bad character, when he had not "opened the door" by testifying to his good character. We do not agree.

This line of questioning began when Bryant testified that he had offered the victim a ride after requesting that she leave. The prosecutor questioned him about being "nice" notwithstanding his anger at the victim, and in response, Bryant volunteered that he "controlled" his temper. He then explained that he did not "get in trouble. My record is clean." At that point, the prosecutor began asking about whether he had ever been arrested or had other people file complaints against him. Later in the cross-examination, Bryant testified that he did not hit the victim because he knew "better than to hit anybody." The prosecution then followed up on this testimony by asking him if he had never before hit anyone or been accused of hitting anyone. We need not decide whether Bryant's statements "opened the door" to evidence of his bad character. When he described his characteristics and testified to the lack of past misdeeds, the State was entitled to explore the truth of these statements regardless of whether

Bryant had placed his character "in issue" within the meaning of OCGA § 24-9-20 (b). *Jones v. State*, 257 Ga. 753, 759 (1) (a) (363 SE2d 529) (1988). In doing so, the State was simply attempting to impeach Bryant by rebutting his testimony and showing it to be false. Id. This was not improper.

5. Contrary to Bryant's contention, trial counsel's performance was not so deficient as to amount to ineffective assistance.

6. Bryant contends the trial court erred in denying his request to cross-examine a witness he had called. The witness was the victim's roommate at the time of the incident. Claiming surprise when this witness testified he had not seen the victim the day after the incident, Bryant requested permission to lead the witness. Bryant's counsel implied the witness had made a contradictory statement to another lawyer, who represented Bryant in certain civil matters. The judge refused to allow the defense to cross-examine its own witness.

OCGA § 24-9-63 provides that "[l]eading questions are generally allowed only in cross-examination. However, the court may exercise discretion in granting the right to the party calling the witness and in refusing it to the opposite party when, from the conduct of the witness or other reason, justice shall require it."

Justice did not require it here. Both the witness and the other lawyer testified that the witness had "no knowledge" about whether the incident occurred. Any contradiction in the witness's testimony regarding whether he saw the victim after the incident was therefore immaterial. It is a rare case in which the trial court's exercise of discretion on this issue warrants reversal. *Billings v. State*, 212 Ga. App. 125, 129 (5) (441 SE2d 262) (1994). We find no abuse of discretion here.

7. Bryant maintains the court erred in charging the jury that it could consider his motive while not charging that the jury could consider the victim's motive. This enumeration is without merit. The jury instruction in issue is one on intent, rather than motive. The court charged the jury that Bryant could not be presumed to have acted with criminal intent, but that it could find intent or the absence of intent from a consideration of "conduct," "demeanor," "motive," and other circumstances surrounding the act charged. The court also charged the jury that the State was required to prove intent beyond a reasonable doubt. The charge did not violate *Sandstrom*, supra, and we find no error.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 9, 1997.

Before Judge McLaughlin.

*Alan I. Begner*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Lisa A. Jones, W. Cliff Howard, Assistant Solicitors,* for appellee.