A98A0803. CANTRELL v. THE STATE.
(500 SE2d 386)

ELDRIDGE, Judge.

Jeffery Julian Cantrell appeals from a Towns County jury verdict finding him guilty of two counts of aggravated child molestation and two counts of child molestation. His sole enumeration of error challenges the sufficiency of the evidence against him. Appellant does not contend that the state failed to prove the offenses, but, instead, contends that "the only direct evidence was from the alleged victim," who was "impeached." Because the evidence was sufficient, we affirm.

Under *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979), the sufficiency of the evidence is measured by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." It is solely within the purview of the jury to weigh conflicting evidence and judge the credibility of the witnesses. OCGA § 24-9-80; *Robinson v. State*, 203 Ga. App. 759, 760 (417 SE2d 404) (1992).

Appellant is correct that the victim's testimony is the only *direct* evidence proving the essential elements of the offenses.[1] However, in

[1] The state also presented circumstantial evidence through the testimony of witnesses to whom the victim had made outcry.

incidents of child molestation, more often than not the child/victim *is* the only witness able to provide such direct evidence. Sexual offenses against children necessarily occur in secret. This is one reason that Georgia law does not require corroboration of a child molestation victim's testimony. *Scales v. State*, 171 Ga. App. 924 (2) (321 SE2d 764) (1984); see *Baker v. State*, 245 Ga. 657, 664 (5) (266 SE2d 477) (1980); see also OCGA § 24-4-8. Accordingly, "[t]aking the victim's testimony as true, as we must, it alone was clearly sufficient to authorize [Cantrell's] conviction of the [offenses as charged] under the standard set forth in *Jackson v. Virginia*, [supra]." *Bryant v. State*, 226 Ga. App. 135, 136 (486 SE2d 374) (1997).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 25, 1998.

*Law Offices of Charles Cory, Cary D. Cox*, for appellant.
*Darrell E. Wilson, District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.