A99A0688. SWEET v. THE STATE.
(516 SE2d 317)

BLACKBURN, Presiding Judge.

Ron Sweet appeals his convictions, following a jury trial, of aggravated child molestation and child molestation of his three-year-

old daughter.[1] Sweet contends (1) that the evidence was insufficient to support the verdict and (2) that the trial court erred in admitting similar transaction evidence.

1.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Patterson v. State*, 233 Ga. App. 776 (1) (505 SE2d 518) (1998). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to support the verdict, the evidence reveals that Teresa Carol Bailey, mother of the victim, testified that the victim returned from visitation with Sweet, her father, exhibiting a "very red" vagina and complaining of pain. The victim told her mother that Sweet had "licked her butt and tickled it." Bailey testified that when her daughter referred to her "butt," she was actually indicating her vagina. When Bailey confronted Sweet with the child's allegations, Sweet said that nobody would believe her because of his stature in the community. Kathy Kolberg, case manager for the Fannin County Department of Family & Children Services, testified that she interviewed the victim and was told by her that her "Daddy" licked her in her private area.

Sweet was convicted of (1) aggravated child molestation in that he licked the victim's vagina with the intent to satisfy his sexual desires and (2) child molestation in that he touched the groin area of the victim with the intent to satisfy his sexual desires. Even without the consideration of the similar transaction evidence, we conclude that a rational trier of fact could have found Sweet guilty beyond a reasonable doubt of the offenses charged.

> Sexual offenses against children necessarily occur in secret. This is one reason that Georgia law does not require corroboration of a child molestation victim's testimony. *Scales v. State*, 171 Ga. App. 924 (2) (321 SE2d 764) (1984); see *Baker v. State*, 245 Ga. 657, 664 (5) (266 SE2d 477) (1980); see also OCGA § 24-4-8. Accordingly, "(t)aking the victim's testimony as true, as we must, it alone was clearly sufficient to autho-

---

[1] The jury found Sweet not guilty of one count of cruelty to children regarding his three-year-old daughter and one count of cruelty to children and two counts of child molestation regarding another minor female child.

rize [Sweet's] conviction of the (offenses as charged) under the standard set forth in *Jackson v. Virginia*, (supra)." *Bryant v. State*, 226 Ga. App. 135, 136 (486 SE2d 374) (1997).

*Cantrell v. State*, 231 Ga. App. 629, 630 (500 SE2d 386) (1998).
2.

"(T)he rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. (Cit.)" *Lumsden v. State*, 222 Ga. App. 635, 636 (1) (475 SE2d 681) (1996). Moreover, "(a) trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." *Farmer v. State*, 231 Ga. App. 78, 79 (1) (498 SE2d 559) (1998).

*Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998).

In the present case, during the hearing pursuant to Uniform Superior Court Rule 31.1, the State proffered that two witnesses would testify as to similar transactions. First, Sweet's older daughter would testify that when she was 11 years old, Sweet would touch her vagina on the pretense of "checking for ticks." Sweet would also seek to dry off her private area after she took a bath. The witness would also testify as to other incidents in which Sweet would attempt to see her naked or expose himself to her while he was in a naked condition. The witness was twenty-one years old at the time of trial, making the similar transactions occur approximately ten years in the past. The second similar transaction witness was Sweet's sister. The State proffered that his sister would testify that when she was a child, Sweet would touch her vagina while he masturbated. Sweet's sister testified that she was six to nine years old when these incidents occurred and thirty-eight years old at the time of the trial, making the similar transactions occur approximately twenty-nine to thirty-two years in the past. The trial court determined that the similar transaction evidence was admissible to show bent of mind, lustful disposition, scheme and motive or intent.

Sweet contends that the similar transaction evidence was too remote in time. In *Gilstrap v. State*, 261 Ga. 798, 799 (1) (b) (410 SE2d 423) (1991), the Supreme Court of Georgia held that "[w]here 'similar transaction' evidence has been admissible otherwise, lapses of time of 11 years and of 19 years have not demanded that the evidence was inadmissible. It should be clear, however, that an event 31 years in the past is too remote." (Citations omitted.) Id. Therein, however, our Supreme Court was primarily concerned with the fact that the State prejudiced the defendant by putting up all of its similar transaction evidence before putting up evidence directly related to

the specific charges. This was not a concern in the present case. In *Snow v. State*, 213 Ga. App. 571, 572 (2) (445 SE2d 353) (1994), we found that where a grandfather was charged with molestation of his granddaughters, similar transactions showing that he molested his daughters were admissible as they evidenced a continuous course of identical conduct over a 27-year period. Also in *Nichols v. State*, 221 Ga. App. 600, 601-602 (3) (473 SE2d 491) (1996), where the defendant was charged with raping his stepdaughter, we allowed similar transaction evidence showing that he had sexually assaulted his teenage daughters 24 and 27 years prior to trial. The present case shows a similar continuous course of conduct on the defendant's part.

Additionally, any error in allowing the similar transaction evidence was clearly harmless for the reasons set forth in Division 1. See *Brooks v. State*, 232 Ga. App. 115, 116 (501 SE2d 286) (1998) (applying the harmless error rule to admission of similar transaction evidence in a case involving child molestation and incest).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 12, 1999.

*David E. Ralston*, for appellant.
*Roger Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.

