## A01A1574. BROWN v. THE STATE.

(554 SE2d 537)

PHIPPS, Judge.

Stanley Brown was tried by a jury and convicted of aggravated child molestation and child molestation. He was sentenced as a recidivist to thirty years, ten in confinement and twenty on probation. On appeal, Brown challenges the sufficiency of the evidence and claims that the victim's mother improperly gave her opinion of his guilt. We find that the evidence was sufficient to support the verdict and that Brown waived any objection to the challenged testimony. As a result, we affirm.

1. Brown claims that the evidence was insufficient to support his convictions because the victim's account of the incident was not credible.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[1]

Under *Jackson v. Virginia*,[2] we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Viewed in the light most favorable to the verdict, the evidence shows that in February and March 1999, Brown was living in a two-bedroom trailer with six-year-old B. B., B. B.'s father (Brown's first cousin), B. B.'s mother and B. B.'s brother and sister. At trial, B. B. testified that on a weekend day, her parents, brother and sister went shopping and left her with her ten-year-old cousin and Brown. B. B.

---

[1] (Punctuation omitted.) *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998).

[2] Supra.

said that when her cousin went to visit his aunt across the street, Brown gave her a "bad touch" with his tongue and his hand on her "front private" and her "butt" while she was sitting on a love seat in the living room. She testified that Brown then went into the kitchen and asked if she wanted some tea and cereal. When he returned to the living room, he "did it again." B. B. testified that after the incident, she slapped Brown in the face and locked him out of the trailer.

B. B. testified that "right away" she told her eleven-year-old cousin and a four-year-old neighbor about the incident. The neighbor's eleven-year-old sister overheard the conversation and suggested that B. B. tell her mother. When B. B. told her mother what had happened, her mother spanked her. The next day at school, the eleven-year-old neighbor told B. B.'s teacher about the incident, and the teacher informed the school counselor. When the school counselor called B. B. to her office, B. B. told her that an adult male staying in their home had "pulled her pants down and licked her privates." The school counselor promptly notified the Department of Family & Children Services (DFACS).

The following day, DFACS Investigator Martin and Floyd County Police Detective Conway met with B. B.'s mother and told her they wanted to interview B. B. about allegations of sexual abuse. Detective Conway conducted the interview, and Investigator Martin observed and took notes. During the interview, B. B. told Detective Conway that Brown had touched her "private" with his hand and his mouth while she was sitting on a love seat in the living room.

After the interview, Detective Conway met with B. B.'s mother again and interviewed Brown. He then obtained a warrant charging Brown with child molestation and aggravated child molestation.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[3] Aggravated child molestation is an act of child molestation that physically injures the child or involves an act of sodomy.[4] "[T]aking the victim's testimony as true, as we must, it alone was clearly sufficient to authorize [Brown's] conviction of the offenses as charged under the standard set forth in *Jackson v. Virginia*."[5]

2. Brown challenges testimony from B. B.'s mother in which she stated that she wished she had not spanked her child "when she was telling me the truth." The court responded promptly with a curative

---

[3] OCGA § 16-6-4 (a).
[4] OCGA § 16-6-4 (c).
[5] (Citation and punctuation omitted.) *Cantrell v. State*, 231 Ga. App. 629, 630 (500 SE2d 386) (1998).

instruction to the effect that the jury must determine what the truth is and that no witness can testify about whether someone else is telling the truth. After the instruction, B. B.'s mother testified that she had changed her mind as to whether he had "done it or not." The court intervened, instructing the prosecution that "[t]hat's about as far as we need to go." Brown never objected or moved for mistrial in response to the testimony he now challenges. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived."[6]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 27, 2001 —
RECONSIDERATION DENIED SEPTEMBER 5, 2001.

*James C. Wyatt*, for appellant.
*Tambra P. Colston, District Attorney, Kay A. Wetherington, Assistant District Attorney*, for appellee.

---

[6] (Citations and punctuation omitted.) *Jacobson v. State*, 201 Ga. App. 749, 751 (2) (b) (412 SE2d 859) (1991).
[1] He was acquitted of three counts of child molestation.