A04A0710. HOPPER v. THE STATE.
(598 SE2d 926)

RUFFIN, Presiding Judge.

A jury found Michael Hopper guilty of two counts of child molestation and two counts of aggravated child molestation. On appeal, Hopper challenges the sufficiency of the evidence. Hopper also contends that the trial court should not have allowed the State to introduce evidence of a similar transaction and that he received ineffective assistance of counsel. Hopper's claims of error lack merit, and we affirm.

"On appeal from his criminal convictions, [Hopper] no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict."[1] So viewed, the evidence demonstrates that, while divorced from his wife in 1999, Hopper pled

---

[1] *Higgins v. State*, 251 Ga. App. 175 (1) (554 SE2d 212) (2001).

guilty to two counts of child molestation. On one occasion, Hopper placed his hand under the shorts of his six-year-old niece and fondled her vagina over her underwear. On the other, he placed his hands on her buttocks. Hopper admitted to an investigator that he fondled his niece's vagina, but he could not recall whether he placed his hands on her buttocks because he was intoxicated.

Shortly after his release from prison on these charges in March 2000, Hopper reconciled with his wife and moved in with her and their two sons, aged nine and eleven. That summer, the younger son told his maternal grandmother that his rectum was hurting "real bad," and she observed a dark red spot on it. The child did not disclose any abuse by Hopper at this time.

In December 2000, the maternal grandmother received a call from the younger child's school about an incident on the school bus in which another child exposed himself. When the grandmother talked with her grandson about the incident, he acted very embarrassed and kept hiding his face. When she asked if anyone else had ever done this to him, he again acted embarrassed and nodded his head. When the grandmother asked him to identify the person, the child said, "my daddy" and started to cry. After further questioning from his grandmother, the child disclosed that Hopper had put his "privates" or penis in his rectum and had touched his privates. He told her that it had occurred in the summer and he asked his grandmother to make Hopper stop hurting him. The grandmother told the mother and they called the police.

After talking with the mother and the grandmother, a detective interviewed both boys. The younger child said Hopper touched his privates and placed his penis in his rectum. The older boy denied that he had been sexually abused by Hopper. In a subsequent interview, however, the older son admitted that Hopper had placed his penis in his rectum.

After the first interview, the detective arranged for a medical exam of the boys. A Scottish Rite doctor testified that this exam revealed that both boys had loose rectal tone. She further testified that this is not a normal finding, and that it is one which is consistent with sexual abuse.

The older son testified that Hopper placed his penis inside his rectum and that Hopper would not stop when he told him that it hurt. During cross-examination, he was impeached with inconsistent statements about where the sexual abused occurred. He also admitted that he initially told the detective that he had not been molested, but explained that he did so because he was embarrassed and scared.

The younger son testified that Hopper placed his privates in his rectum, put his hand on his rectum, and circled his hand around his

privates. During cross-examination, he was impeached with inconsistent statements about whether Hopper had sexually abused him.

1. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[2] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."[3] Hopper asserts that there was insufficient evidence to find him guilty of child molestation and aggravated child molestation. We disagree.

Both boys testified that Hopper placed his penis in their rectums and that it hurt.[4] The younger son also testified that Hopper placed his hand on the younger son's penis and his rectum. Based on this testimony, we find that the evidence was sufficient to support the jury's finding of aggravated child molestation and child molestation.[5] Hopper's contention that there were inconsistencies in the boys' statements does not render this evidence insufficient, since it is well settled that

> the weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to [his] own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence.[6]

2. Hopper also asserts the trial court should not have admitted the similar transaction evidence of his previous child molestation convictions without first finding that the probative value of the evidence outweighed its prejudicial impact. In support of this argument, Hopper relies upon our opinion in *Adams v. State*.[7] However, in *Farley v. State*,[8] our Supreme Court held:

---

[2] OCGA § 16-6-4 (a).

[3] OCGA § 16-6-4 (c).

[4] See *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002) (victim's testimony alone was sufficient to support child molestation conviction).

[5] See id.

[6] (Citation and punctuation omitted.) *Gravitt v. State*, 228 Ga. App. 760, 761 (1) (492 SE2d 739) (1997).

[7] 208 Ga. App. 29 (430 SE2d 35) (1993).

[8] 265 Ga. 622, 625-626 (458 SE2d 643) (1995).

Appellant erroneously cites *Adams v. State* as authority for imposing an unnecessary requirement upon a trial court to make an express balancing determination as between probative value and prejudice as a condition to admission of "other transaction" evidence. Only four judges concurred in Division 3 of *Adams*, whereas five judges did not. Accordingly, Division 3 of *Adams* is not binding authority and is a physical precedent only by virtue of the Court of Appeals own Rule 33 (a). Moreover, *Adams'* conclusion that such an express balancing determination is mandated appears to have been created ex nihilo because none of the cases cited supports such a requirement.

Based on the Supreme Court's holding in *Farley*, supra, we find no error in the trial court's admission of the similar transaction evidence.[9]

3. Finally, Hopper asserts he received ineffective assistance of counsel because his trial counsel failed to call unspecified witnesses that Hopper desired trial counsel to call. In order to show ineffectiveness of counsel, "[appellant] must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different."[10] A court considering the effectiveness of counsel is not required to address the performance portion of the inquiry before the prejudice component, "or even to address both components if the defendant has made an insufficient showing on one."[11] Finally, a trial court's finding of effectiveness must be upheld unless clearly erroneous.[12]

When assessing the prejudicial effect of defense counsel's failure to call a witness, "a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[13] Here, Hopper failed to present sworn testimony from any uncalled witnesses at his new trial hearing, and he fails to even identify such witnesses or their proposed testimony. Without a "proffer of the uncalled witnesses' testimony, it is impossible for appellant to show there is a reasonable probability

---

[9] Id. See also *Livery v. State*, 233 Ga. App. 332, 335 (1) (b) (503 SE2d 914) (1998); *Fetterolf v. State*, 223 Ga. App. 744, 746 (3) (478 SE2d 889) (1996).

[10] (Citations and footnote omitted.) *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

[11] Id.

[12] *Cammon v. State*, 269 Ga. 470, 472 (4) (500 SE2d 329) (1998).

[13] *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

the results of the proceedings would have been different."[14] Because Hopper fails to meet his burden of proving prejudice, we find no merit in his ineffectiveness of counsel claim.[15]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 30, 2004 —

*William R. Thompson, Jr.*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

---

[14] (Citations and footnote omitted.) Id.

[15] See id.