A04A1213. DAMERON v. THE STATE.
(601 SE2d 137)

ELDRIDGE, Judge.

A Cobb County jury found Steven Edwin Dameron guilty of two counts of child molestation, aggravated sexual battery, and cruelty to children, which charges arose from acts Dameron committed against his minor stepdaughter. He appeals, claiming the trial court erred in allowing expert opinion testimony that went to the ultimate issue; that the trial court erred in permitting the introduction of inadmissible hearsay; and that reversal is required because, at trial, the victim recanted her allegations of abuse. Upon review of the record, we find Dameron's claims of error to be without merit and affirm.

1. Dameron challenges the admission of testimony from expert witness Karen Nash that the victim's behavior was "consistent with children that have been sexually abused." He contends such testimony went to "the ultimate issue of the case, ie [sic]: whether in fact the victim has been molested by the Defendant." However, Dameron made no objection to this testimony, and "counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error."[1] Further, contrary to Dameron's argument, the disputed testimony went to whether the victim had, in fact, been sexually abused and not to the identification of the perpetrator of the abuse. Finally, in the face of the trial court's call for objection, Dameron conceded Nash's qualification as an expert "in the treatment of children who have experienced trauma and issues of sexual abuse," and this fact deprives him of the right to complain about testimony relating thereto.[2]

2. The child/victim's outcry was videotaped, and Dameron's attorney stipulated that the admission of the videotape into evidence

---

[1] (Citation omitted.) *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997).
[2] *Garey v. State*, 273 Ga. 133, 135 (1) (539 SE2d 123) (2000).

was "proper." The only objection was to a portion of the videotape wherein the victim testified that, while at church, Dameron asked that he and the victim and the victim's mother pray about the incidents of sexual abuse. Dameron objected because such statement was "a confession at church. It's a statement about a confession at church." Now, before this Court, Dameron claims the statement was inadmissible hearsay without sufficient indicia of reliability to admit it under the necessity exception to the hearsay rule. We disagree.

"As to the hearsay objections that [Dameron] now raises on appeal, he failed to raise those objections during . . . trial. Accordingly, [Dameron] has waived any hearsay objections."[3] Further, Dameron expressly stated during trial that he was not making a challenge to the admission of the victim's testimony on the basis of "indicia of reliability," and "[o]ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing."[4] Lastly, prior to playing the videotape to the jury, the victim was called to the stand and testified at trial; Dameron was given an opportunity to cross-examine her about the videotape. "[I]f defense counsel had the opportunity to confront and cross-examine the witness who made the out-of-court statement, the statement was admissible."[5] Following the victim's testimony, the trial court asked whether Dameron had "any objections at all to the tape," to which question the reply was, "No." Thus, Dameron's hearsay argument is substantively meritless.

3. Without challenging the sufficiency of the State's evidence, Dameron claims reversal is required because at trial the victim recanted her allegations of abuse. We find no basis for reversal. The victim's recantation at trial requires a credibility determination in light of the State's evidence demonstrating Dameron's guilt, including the victim's videotaped statement describing the incidents of sexual abuse Dameron perpetrated against her. "It is the jury's prerogative to choose what evidence to believe and what to reject. Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury may analyze what weight will be given each witness' testimony."[6] Here, evidence was introduced showing that the child/victim was extremely concerned with the welfare of her

---

[3] *Roseberry v. State*, 274 Ga. 301, 304 (3) (553 SE2d 589) (2001).

[4] (Citations and punctuation omitted.) *Rowe v. Rowe*, 228 Ga. 302, 303 (1) (185 SE2d 69) (1971).

[5] (Citation omitted.) *Duck v. State*, 210 Ga. App. 205, 207 (3) (435 SE2d 725) (1993); accord *Flowers v. State*, 255 Ga. App. 660, 662-663 (566 SE2d 339) (2002); *Myrick v. State*, 242 Ga. App. 892, 895 (531 SE2d 766) (2000).

[6] (Citations and punctuation omitted.) *Trammell v. State*, 253 Ga. App. 725, 726-727 (1) (560 SE2d 312) (2002); see *Ochoa v. State*, 252 Ga. App. 209, 210 (1) (555 SE2d 857) (2001) (jury's role to resolve conflicts in child's statements after recantation).

mother in light of the allegations of abuse against her stepfather; that "she didn't think her mother would even make it, meaning survive or live"; and that the victim was afraid she would be placed in foster care. Viewed to support the verdict, a rational trier of fact could conclude beyond a reasonable doubt that the victim's expressed concerns moved her to recant.[7] Accordingly, Dameron's claim of error based solely upon the victim's recantation is without merit.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JUNE 3, 2004.

*John R. Greco*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Robert B. Lovett, Assistant District Attorneys*, for appellee.

---

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).