## A05A0288. SHORTER v. THE STATE.
### (610 SE2d 162)

BLACKBURN, Presiding Judge.

Following his conviction after a jury trial on five counts of child molestation,[1] one count of aggravated child molestation,[2] one count of criminal attempt to commit rape, and two counts of cruelty to children in the first degree,[3] and the denial of his motion for new trial, Earl Preacher Shorter appeals, arguing that the evidence was insufficient to support his convictions, and that the trial court erred in allowing the introduction of similar transaction evidence. For the reasons set forth below, we affirm.

1. Shorter was charged with four counts of child molestation, one count of aggravated child molestation, and one count of cruelty to children in the first degree against H. S. He was charged with one count of child molestation, one count of criminal attempt to commit rape, and one count of cruelty to children in the first degree against S. S. Shorter was convicted on all counts. On appeal, he maintains that the evidence was insufficient to support his convictions. We disagree.

Regarding sufficiency of the evidence, the standard of review is clear: On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[4] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is

---

[1] OCGA § 16-6-4 (a).

[2] OCGA § 16-6-4 (c).

[3] OCGA § 16-5-70 (b).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

generally sufficient to establish a fact.

(Punctuation omitted.) *Kelly v. State.*[5]

Viewed in this light, the evidence shows that on weekday nights, Shorter would babysit S. S., H. S., and B. S. Shorter's crimes against S. S. occurred in the summer of 1999, when S. S. was nine years old. S. S. unequivocally testified that on two occasions Shorter isolated her, pushed her onto the floor, and molested her. On a third occasion, Shorter accosted S. S. when she came out of the shower. As before, he pushed her to the floor and sexually assaulted her.

Shorter's abuse of H. S. began when she was ten years old. H. S. testified that Shorter touched her inappropriately on multiple occasions. She further testified that Shorter sodomized her and that B. S. had told her that Shorter had sodomized her as well. Another witness testified that he had been present when Shorter sodomized B. S.

Similar transaction evidence was also presented at trial. Detective Adam Smith of the Gilmer County Sheriff's Office told the court that when he ran a criminal history of Shorter, he discovered that Shorter had been convicted in 1976 in Indiana for assault and battery with intent to gratify sexual desires. Shorter's victim in that case was a 13-year-old girl, T. S. In addition, D. M., another minor female, testified that Shorter had molested her when she was a child and that he had had sexual intercourse and oral intercourse with her up to the time she was 11 or 12 years old. Furthermore, W. S., a minor male at the time, testified at trial that in 1985, when he was 16, Shorter had tried to molest him while his mother was at the store, and W. S.'s mother testified that she witnessed the attempted molestation.

This evidence was more than sufficient to enable a rational trier of fact to find Shorter guilty of his crimes against both H. S. and S. S.

Shorter's argument that the evidence was insufficient to support his convictions is based solely on the fact that the testimony of his two witnesses called into question the credibility of S. S. and H. S. The testimony of these witnesses, however, provides no basis for reversal. Such testimony requires a credibility determination in light of the testimony of the child victims concerning the criminal acts of their grandfather. "It is the jury's prerogative to choose what evidence to believe and what to reject. Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury may analyze what weight will be given each witness' testimony." (Punctuation omitted.) *Dameron v. State.*[6] Accordingly, Shorter's claim of

---

[5] *Kelly v. State,* 255 Ga. App. 813 (1) (567 SE2d 36) (2002).
[6] *Dameron v. State,* 267 Ga. App. 671, 672 (3) (601 SE2d 137) (2004).

error based solely on a conflict in the testimony of witnesses is without merit.

2. Shorter next contends that the trial court erred in admitting evidence of similar transactions. He does not argue that his acts of molesting T. S. and D. M. were dissimilar to those for which he was indicted in this case; rather, he argues that these acts, which occurred 26 years prior to his convictions in this case, were too remote in time to be admissible. There is no merit to this contention.

"The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. Moreover, a trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." (Citations and punctuation omitted.) *Sweet v. State.*[7] Beyond that,

> [a]s we have repeatedly held, however, similar transaction evidence that shows a pattern of sexual abuse against several generations of members of the same family is admissible despite the lapse of time between the acts. Where different generations are involved, as in the case sub judice, obviously many years are going to lapse between the acts. Under such circumstances, the lapse of time between the independent transactions and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. The fact that [Shorter's] conduct with the victims of the similar transactions began many years ago only illuminates in striking fashion the pattern of [Shorter's] deviant behavior that culminated in the crimes for which he was on trial. They were clearly admissible. The trial court did not abuse its discretion in admitting the challenged evidence.

(Punctuation and footnotes omitted.) *Wright v. State.*[8]
*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 7, 2005.

*Robert L. Ferguson,* for appellant.
*Roger G. Queen, District Attorney, Nancee E. Tomlinson, Albert H. Tester, Darrell E. Wilson, Assistant District Attorneys,* for appellee.

---

[7] *Sweet v. State,* 237 Ga. App. 613, 615 (2) (516 SE2d 317) (1999).
[8] *Wright v. State,* 259 Ga. App. 74, 75 (1) (576 SE2d 64) (2003).