## A06A1609. TADIC v. THE STATE.
### (635 SE2d 356)

RUFFIN, Chief Judge.

A jury found Milenko Tadic guilty of two counts of child molestation. Tadic appeals, challenging the sufficiency of the evidence and arguing that there was a fatal variance between the indictment and the evidence. He also contends that he received ineffective assistance of counsel. For reasons that follow, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we construe the evidence in a light favorable to the jury's verdict.[1] This Court does not assess witness credibility or weigh the evidence, but instead determines the sufficiency of the evidence.[2] And we will uphold the jury's verdict if there is some evidence — even though contradicted — to support each required element of the State's case.[3]

Viewed in this light, the evidence shows that Tadic and his family were neighbors of the victim's father. The victim, who was nine years old at the time of trial, and her younger brother spent every other weekend and holidays with their divorced father. In June 2004, Tadic's daughter baby-sat the victim and the victim's brother at the Tadic house. The victim testified that Tadic took her upstairs to his room where he "touched [her] on the private" on the "front" of her body, under her clothes. Approximately one month later, the victim told her father about the touching. Although the father did not call the police at that time, he told the victim to stay away from Tadic.

In October 2004, the victim told her father that Tadic had touched her again. The victim testified that Tadic lured her to his house by offering to show her his cat and a four-wheeler. He then pulled her onto his lap while he was sitting on the couch and touched her on her "front private" under her clothes. The victim left Tadic's house and immediately told her father about the touching.

1. Tadic argues that there was insufficient evidence to support the jury's verdict as to the first count of child molestation because a

---

[1] See *Hopper v. State*, 267 Ga. App. 218 (598 SE2d 926) (2004).
[2] See *Shorter v. State*, 271 Ga. App. 528 (1) (610 SE2d 162) (2005).
[3] See id.

fatal variance existed between the allegations in the indictment and the evidence presented at trial. The first count of the indictment charged Tadic with molesting the victim "about and between the 1st day of June, 2004, and the 30th day of June, 2004, the exact date being unknown to the [g]rand [j]urors." Both the victim and her father testified that the first molestation occurred when Tadic's daughter baby-sat the victim, and the victim's father stated that Tadic's daughter baby-sat the victim in June 2004. Tadic contradicted the timing of this alleged molestation by offering the testimony of his daughter, wife, and sister-in-law; each of them testified that Tadic's daughter only baby-sat the victim on one occasion in 2002. However, the jury was not required to believe this testimony.[4]

As there was evidence that the molestation at issue occurred when Tadic's daughter baby-sat the victim in June 2004, which is consistent with the dates alleged in the indictment, we find no merit in this enumeration.[5]

2. Tadic maintains that the evidence was insufficient to support the jury's verdict as to the second count of the indictment, which charged Tadic with molestation in October 2004. Specifically, Tadic challenges the lack of "scientific or medical evidence" and alleges that the victim's testimony and statements lacked "sufficient indicia of reliability."

The victim specifically testified at trial that Tadic touched her on her "private part" and she reported the abuse to her father and the police. As noted earlier, any discrepancies in the victim's statements or contradictions in the evidence presented credibility questions for the jury to resolve.[6] And, although the victim's testimony was the only direct evidence supporting the jury's finding,

> in incidents of child molestation, more often than not the child/victim *is* the only witness able to provide such direct evidence. Sexual offenses against children necessarily occur in secret. This is one reason that Georgia law does not require corroboration of a child molestation victim's testimony.[7]

Given that the allegations against Tadic did not include penetration, "the lack of medical evidence to corroborate the victim's molestation

---

[4] See *Atkinson v. State*, 280 Ga. App. 635 (634 SE2d 828) (2006).

[5] See *Shorter*, supra at 529; *Cantrell v. State*, 231 Ga. App. 629 (500 SE2d 386) (1998) ("It is solely within the purview of the jury to weigh conflicting evidence and judge the credibility of the witnesses.").

[6] See *Hopper*, supra at 220 (1); *Coalson v. State*, 251 Ga. App. 761, 761-762 (555 SE2d 128) (2001).

[7] (Emphasis in original.) *Cantrell*, supra at 629.

is in no way exculpatory."[8] Thus, we find that there was sufficient evidence to sustain the jury's findings.[9]

3. Finally, Tadic asserts he received ineffective assistance of counsel because his trial counsel failed to call an expert witness regarding child sexual abuse syndrome. To succeed on this claim, Tadic "must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency."[10] We will not reverse a conviction based on ineffective assistance of counsel "unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[11]

"When assessing the prejudicial effect of defense counsel's failure to call a witness, a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[12] Moreover, "strategic choices, such as which witnesses to call . . . , made after a thorough investigation are virtually unchallengeable."[13]

In this case, trial counsel explained that he did not employ an expert witness regarding child sexual abuse syndrome because, in his opinion, it was inapplicable. Thus, there is sufficient evidence to support the trial court's conclusion that Tadic failed to show ineffectiveness of counsel.[14]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 10, 2006.

*Conaway & Strickler, Ann M. Fitz*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[8] *Fitzgerald v. State*, 193 Ga. App. 76 (2) (386 SE2d 914) (1989).

[9] See *Cantrell*, supra at 629.

[10] *Wood v. State*, 264 Ga. App. 787, 788-789 (592 SE2d 455) (2003).

[11] Id. at 789.

[12] (Punctuation omitted.) *Hopper*, supra at 221 (3).

[13] (Punctuation omitted.) *Skillern v. State*, 240 Ga. App. 34, 36-37 (3) (521 SE2d 844) (1999).

[14] Id. at 37 (3) (defendant failed to show ineffective assistance of counsel where trial counsel elected not to employ evidence of the child abuse accommodation syndrome because it was, in counsel's professional judgment, inappropriate).