### A00A1737. HONEYCUTT v. THE STATE.
(538 SE2d 870)

BLACKBURN, Presiding Judge.

Following a jury trial, Ricky Honeycutt appeals his convictions of two counts of child molestation, contending that the evidence was insufficient to support the convictions. Honeycutt also contends that the trial court erred by: (1) denying his request for a complete copy of the files from the Department of Family & Children Services (DFACS); (2) denying his request that preliminary jury instructions be given to the jury at the commencement of trial; and (3) prematurely giving an *Allen*[1] charge to the jury. For the reasons discussed below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Honeycutt] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State.*[2] See *Jackson v. Virginia.*[3]

1. The evidence at trial showed that Long County DFACS received an allegation that nine-year-old S. J. had been molested by Honeycutt, her aunt's boyfriend. S. J. testified that, while she was living in Long County, Honeycutt made her touch his penis on several occasions. S. J. further testified that Honeycutt had touched the vaginal area of both her and her sister on one occasion while the girls were napping. Her sister, L. L. J., also testified that Honeycutt had touched her vaginal area on several different occasions and that he had made her touch his penis.

The uncorroborated testimony of a victim of child molestation is sufficient to authorize a conviction of the offense under *Jackson,*

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).
[2] *Ryals v. State*, 238 Ga. App. 578 (519 SE2d 505) (1999).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

supra. *Atkins v. State.*[4] Thus, this evidence is sufficient to authorize the jury's finding that Honeycutt was guilty, beyond a reasonable doubt, of the offenses of child molestation. OCGA § 16-6-4.

2. Prior to trial, Honeycutt requested a complete copy of the DFACS file, and he contends that the trial court's denial of his request was erroneous. The trial court did not err.

The DFACS records concerning the reports of child abuse are confidential, OCGA § 49-5-40 (b), and access to such records is limited by OCGA § 49-5-41, which gives such access to:

> [a] court, by subpoena, upon its finding that access to such records may be necessary for determination of an issue before such court; provided, however, that the court shall examine such record in camera, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then before it and the record is otherwise admissible under the rules of evidence.

OCGA § 49-5-41 (a) (2). In the present case, the trial court conducted an in camera inspection in accordance with the statute and determined that the records contained nothing exculpatory. Although Honeycutt claims he is nonetheless entitled to the files pursuant to *Brady v. Maryland*,[5] "the trial court's prior examination in camera of the [file] was an adequate in camera inspection to satisfy the requirements of *Brady* and its progeny." (Punctuation omitted.) *Lane v. State*[6] (defendant's access to videotaped interview of child molestation victim not required under *Brady*; in camera inspection by trial court satisfied *Brady*); *Stewart v. State*[7] (trial court's in camera inspection of videotaped interview of child molestation victim which found nothing exculpatory satisfied the requirements of *Brady*). This procedure balances the public's interest in protecting the confidentiality of such records and the due process rights of the defendant. Ga. L. 1975, pp. 1135, 1136; *Davidson v. State*[8] ("This procedure comports with the requirements of due process"); see *Pennsylvania v. Ritchie*[9] (holding a similar procedure protects the public's interest and does not violate the due process rights of a defendant). Moreover, because the videotape was not included in the appellate record, Honeycutt has not shown that any of the withheld information was material

---

[4] *Atkins v. State*, 243 Ga. App. 489 (1) (533 SE2d 152) (2000).
[5] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).
[6] *Lane v. State*, 223 Ga. App. 740, 742 (4) (479 SE2d 350) (1996).
[7] *Stewart v. State*, 210 Ga. App. 474, 475 (3) (436 SE2d 679) (1993).
[8] *Davidson v. State*, 183 Ga. App. 557 (359 SE2d 372) (1987).
[9] *Pennsylvania v. Ritchie*, 480 U. S. 39 (107 SC 989, 94 LE2d 40) (1987).

and exculpatory, so this enumeration is without merit. *Lane*, supra; *Stewart*, supra.

3. Honeycutt raises as error the denial of his request for the trial court to give the requested charges from the Suggested Pattern Jury Instructions at the commencement of trial. However, OCGA § 5-5-24 requires only that the trial court instruct the jury in the law at the close of evidence. See *Little v. State*[10] (Trial court's failure to reiterate after closing arguments its preliminary charge on the standard of proof and definition of "beyond a reasonable doubt" was reversible error). It is within the discretion of the trial court whether to give preliminary instructions at an earlier time during trial. OCGA § 5-5-24; see id. Moreover, Honeycutt has not shown how the failure to give the preliminary instructions was detrimental to his case. Harm and error must be shown to authorize reversal. *O'Neal v. State*[11] (Error in the jury charge would have benefitted the defendant, so judgment was affirmed). This enumeration of error has no merit.

4. The trial court did not abuse its discretion in giving the *Allen* charge after the jury had deliberated for two hours, even though there was no indication that the jury was deadlocked and unable to reach a verdict. *Hawkins v. State*.[12] The decision to give an *Allen* charge does not require that the jury be deadlocked. Id. It is within the discretion of the trial court whether and when to give the *Allen* charge, and we find no abuse of that discretion. *Epps v. State*.[13]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 7, 2000.

*Murl E. Geary*, for appellant.

*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney*, for appellee.

---

[10] *Little v. State*, 230 Ga. App. 803, 805 (2) (498 SE2d 284) (1998).
[11] *O'Neal v. State*, 237 Ga. App. 51, 54 (2) (513 SE2d 50) (1999).
[12] *Hawkins v. State*, 260 Ga. 138, 140-141 (10) (390 SE2d 836) (1990).
[13] *Epps v. State*, 168 Ga. App. 79, 80-81 (3) (308 SE2d 234) (1983).