A06A2093. MORROW v. THE STATE.
(643 SE2d 808)

ANDREWS, Presiding Judge.

After a jury trial, Gary Morrow was convicted of aggravated sodomy, aggravated child molestation, and other crimes arising from his contact with his eight-year-old niece. Morrow now appeals on the grounds that the evidence was insufficient and that the trial court erred when it denied his motion for mistrial concerning the playing of the victim's videotaped statement. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in July 2002, the eight-year-old victim had been abandoned by her parents and had been living with Morrow, her uncle, on and off for over three years when a caseworker for the Georgia Department of Family and Children Services (DFACS) received reports that she had been abused. The caseworker went to Morrow's home and obtained custody a few days later. The victim then entered foster care.

In September 2002, the victim was being interviewed by a DFACS case manager on the subject of "good touch" and "bad touch" when she began to cry. The victim refused to tell the manager why she was crying, but gave her foster mother a note the following day stating that she "really [did] know who touched [her]" and that she "[would] talk to [her] later." The foster mother testified that in the days that followed, the victim told her that her uncle Gary had rubbed and "play[ed] with" her vagina, and that he had "licked" her vagina before helping her put on a bathing suit. The victim also wrote a second note asserting that "he" had touched and rubbed her "down their [sic]," and that "[h]e [had] licked [her] 2 times." The victim's younger brother also testified that while both of them were living with Morrow, the victim had told him that Morrow had licked her.

On October 9, 2002, the victim made a videotaped statement in which she described the above-detailed abuse, including the bathing suit incident, other occasions on which Morrow penetrated her vagina with his finger, and an occasion on which Morrow had touched her while she was sitting in his lap at the steering wheel of his car. The victim also recounted how Morrow would drive his car into a field and let both her and another girl sit on his lap so that he could grope them both: "We'd be driving, me and [the second girl] would, and he's tried to do it to [her,] but [she] jerked his hand away." The victim also stated that although Morrow took some boys for rides in his car, he did not grope them: "He just did it to me and [the second victim] 'cause we was girls."

Before the videotaped statement was played for the jury, the parties agreed after a bench conference that the portions of the tape in which the victim discussed seeing Morrow trying to touch the second girl would be muted.[1] The 36-minute videotape was played for the jury with some portion of this evidence unmuted, however.[2] At the

---

[1] See *Head v. State*, 254 Ga. App. 550, 551 (1) (562 SE2d 815) (2002) (procedure to mute videotape did not raise negative inference concerning muted portions). We note that although the bench conference was apparently recorded by voice dictation by the court reporter, a transcript of it was never prepared.

[2] According to the court reporter, an unidentified person had "unmuted [the videotape] right before she was supposed to."

conclusion of the videotape, the jury was excused for a lunch break. Morrow then moved for a mistrial.

The trial court agreed that the playing of the videotape "didn't happen like it was supposed to," noted that the failure to mute the tape completely was "unfortunate," and agreed with Morrow that a curative instruction might have the undesirable effect of "start[ing] [the jury] thinking" about the statement. The trial court denied Morrow's motion for mistrial, however, on the ground that under the totality of the circumstances, the unmuted portion concerning the touching of the other girl was "insignificant." Morrow was later convicted of aggravated sodomy, aggravated child molestation, and aggravated sexual battery as well as child molestation and enticing a child for indecent purposes. He was sentenced to 20 years to serve and 20 years probation.

1. We reject Morrow's contention that because all the evidence against him is circumstantial, and because that evidence does not exclude every reasonable hypothesis except that of guilt, he could not have been found guilty beyond a reasonable doubt. On the contrary, the record includes direct testimony by the victim that Morrow committed the crimes of which he was later convicted. See *Callahan v. State*, 249 Ga. App. 108, 109 (1) (547 SE2d 741) (2001) (direct testimony of witnesses to crimes authorized jury to exclude every reasonable doubt). We have reviewed the record, and hold that the evidence therein was sufficient to sustain his convictions. See OCGA §§ 16-6-2 (a) (defining aggravated sodomy); 16-6-4 (a), (c) (child molestation and aggravated child molestation); 16-6-5 (enticing a child for indecent purposes); 16-6-22.2 (aggravated sexual battery); *Jackson*, supra.

2. Morrow also asserts that the State should be held to its agreement to mute all portions of the victim's videotaped statement concerning his touching of another child, and that the trial court erred when it denied his motion for mistrial based on the admission of this prejudicial character evidence. We disagree.

The court reporter's comment that an unidentified person had unmuted the videotape "right before she was supposed to" suggests that some substantial portion of its objectionable content was indeed muted. We therefore have no basis for disputing the trial court's factual determination that whatever breach occurred was "insignificant." See *Bellamy v. State*, 243 Ga. App. 575, 577 (1) (b) (530 SE2d 243) (2000) (appellate court construes record most favorably to uphold trial court's ruling on admissibility of evidence, and accepts that court's ruling on disputed facts concerning it unless clearly erroneous). Any error was harmless, moreover, since the evidence would have been admissible either as res gestae or to prove Morrow's lustful disposition. *Crews v. State*, 226 Ga. App. 232, 235 (3) (486

SE2d 61) (1997) (tape recording of police description of fight, including "acts and circumstances forming a part or continuation of the main transaction," was admissible as res gestae); *Evans v. State*, 180 Ga. App. 1, 2 (3) (348 SE2d 561) (1986) (testimony of victim concerning touching incident was admissible "to show lustful disposition and to corroborate the testimony of the victim as to the acts charged").

The trial court did not err when it denied Morrow's motion for a mistrial.

*Judgment affirmed. Barnes, C. J., and Bernes, J., concur.*

DECIDED MARCH 19, 2007.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.