## A07A2389. BROOKSHIRE v. THE STATE.
(655 SE2d 332)

MILLER, Judge.

A jury convicted John Phillip Brookshire of one count of child molestation, OCGA § 16-6-4, and one count of cruelty to children, OCGA § 16-5-70 (b), both by touching the "vaginal area" of M. S., a four-year-old child. He appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence. Discerning no error, we affirm.

We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that one afternoon, M. S. told her mother that her grandfather, whom she called "Papa," made her watch "naked movies." Further, the mother recounted that M. S. told her that Papa had put "his hands down her pants and rubbed." Rather than telling her what had been touched, the mother testified that M. S. had pointed to her "tutu," M. S.'s word for her vaginal area.

The State also presented evidence from Sally Sheppard, a forensic interviewer. Through Ms. Sheppard, a videotaped interview with M. S. was admitted into evidence without objection. There, M. S. told

Ms. Sheppard that Papa was in jail for rubbing her "tutu" and repeatedly pointed to her vaginal area when asked to explain what she meant thereby.

Brookshire contends that there is no evidence that he touched the child's vaginal area as alleged in the indictment in that the child failed to specifically refer to her vagina when describing his actions. We disagree.

Here, the testimony of M. S.'s mother, that of Ms. Sheppard, and that of M. S. by videotaped interview, support the inference that Brookshire placed his hands upon and rubbed M. S.'s vaginal area, i.e., that area immediately outside and around the vagina. In this regard, we conclude that the jury was authorized to infer that M. S. used the word "tutu" in the context in which it was used, and find that it referred to the vaginal area as described above. See *Anderson v. State*, 142 Ga. App. 282, 283 (1) (235 SE2d 675) (1977) (holding the words "blow job" sufficient to allege the essential element of proof of solicitation of sodomy upon finding that "[it is] completely [unreasonable] to require ... witnesses ... [to] describe the acts constituting the commission of [a] crime[ ] in statutory or technical language in order to prove the commission of such acts"); see also *Carolina v. State*, 276 Ga. App. 298 (623 SE2d 151) (2005) (affirming a conviction for solicitation of sodomy when an 11-year-old victim referred to the act of sodomy as "sex").

Under these circumstances, we conclude that a rational trier of fact could have found Brookshire guilty beyond a reasonable doubt of child molestation and cruelty to children as charged. *Jackson*, supra, 443 U. S. at 318-319 (III) (B).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 4, 2007.

*Donna A. Seagraves*, for appellant.

*Timothy G. Madison, District Attorney, Kristopher M. Bolden, Assistant District Attorney*, for appellee.