## A08A0285. SMITH v. THE STATE.
(662 SE2d 201)

MIKELL, Judge.

Following a jury trial held on October 29, 2003, Phyllis Mae Smith was found guilty of two counts of child molestation (Counts 1 and 2) and one count of enticing a child for indecent purposes (Count 3). Smith was sentenced to 20 years imprisonment on Counts 1 and 3, which were merged for sentencing purposes, and to 20 years probation on Count 2. Smith appeals, contending that the evidence was insufficient to support the verdict and that the trial court erred in instructing the jury on prior consistent statements. Finding no error, we affirm.

1. On appellate review of a criminal conviction based on a jury verdict, "[w]e view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[1] Applying the standard of *Jackson v. Virginia*,[2] we do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offense charged.[3]

So viewed, the record reflects that Smith's son, H. S., testified at trial that when he was eight years old, he entered his mother's bedroom in response to her summons and found her naked from the

---

[1] (Citation omitted.) *Brookshire v. State*, 288 Ga. App. 766 (655 SE2d 332) (2007).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] Id. at 319 (III) (B); *Brookshire*, supra.

waist down. At her direction he lay down on her bed. She removed his clothes and fondled his penis until it was erect. She then got on top of him, and using her hand, she put his penis into her vagina. H. S. further testified that such incidents occurred more than once, and he gave the details of a later similar incident, during which his mother made him get on top of her.

Smith asserts that the evidence against her was insufficient to support her convictions of child molestation and enticing a child for indecent purposes. She argues that her convictions were based on circumstantial evidence that did not exclude every other reasonable hypothesis except guilt, and also that the evidence showed only her "mere presence" at the scene of the crime. Smith's arguments are without merit.

The testimony of the child victim, outlined above, provided direct evidence of Smith's guilt.[4] Smith's contention that her convictions were based solely on circumstantial evidence is thus unfounded.[5] The child victim's direct testimony also showed that Smith herself was the perpetrator of the crimes charged, not a mere bystander. Thus, Smith's argument that the evidence showed only her "mere presence" at the scene of the crime is also meritless.

Although corroboration of a child molestation victim's testimony is not required under Georgia law,[6] we note that the state in this case also presented corroborative evidence in the form of the testimony of witnesses to whom H. S. had made outcry. We conclude that the evidence presented at trial, both the direct testimony of the victim and the testimony of those to whom he reported his mother's actions, was sufficient to authorize the jury to find Smith guilty beyond a reasonable doubt of the crimes of which she was charged.[7]

2. Smith contends that the trial court erred in giving the jury, at the request of the state, the following instruction on prior consistent statements: "[a] statement made by a witness prior to their testimony from the witness stand, consistent with their testimony in court, may be considered by you as substantive evidence." As this Court noted in *Boyt v. State*,[8] such an instruction on prior consistent statements is a truism.[9] Unless otherwise instructed, "[a] jury may

---

[4] See *Callahan v. State*, 256 Ga. App. 482, 484 (1) (568 SE2d 780) (2002). Accord *Cook v. State*, 276 Ga. App. 803, 804 (1) (625 SE2d 83) (2005).

[5] See *Cook*, supra. Accord *Morrow v. State*, 284 Ga. App. 297, 299 (1) (643 SE2d 808) (2007).

[6] *Tadic v. State*, 281 Ga. App. 58, 59 (2) (635 SE2d 356) (2006); *Cantrell v. State*, 231 Ga. App. 629, 630 (500 SE2d 386) (1998).

[7] See *Cook*, supra at 804-805 (1).

[8] 286 Ga. App. 460 (649 SE2d 589) (2007).

[9] Id. at 466 (3).

consider *all* the words it hears as substantive evidence."[10] Thus, the challenged instruction could not have had any effect on the proceedings, even if, as noted in *Boyt*, "[t]he better practice would be to give no charge at all on prior consistent statements and leave that matter to the arguments of counsel."[11] Smith has cited no authority in support of her argument that it was error to give such an instruction.

Where the charge given to the jury, considered as a whole,

> substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.[12]

Here the court's instructions, taken as a whole, would not mislead a jury of average intelligence. Moreover, the verdict was amply authorized by the evidence. Under these circumstances, we find no error in the trial court's instructions to the jury.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 2, 2008.

*Jerry W. Moncus*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.

---

[10] (Emphasis in original.) Id. at 466-467 (3).
[11] Id. at 468 (3).
[12] *Ingram v. State*, 262 Ga. App. 304, 306-307 (3) (585 SE2d 211) (2003), citing *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998).