## A11A0367. DOWNER v. THE STATE.
(712 SE2d 571)

DOYLE, Judge.

A Gordon County jury found Johnny Downer, Jr., guilty of three counts of child molestation.[1] Downer appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence. He also contends that the trial court erred by admitting similar transaction evidence and that trial counsel provided ineffective assistance. For the reasons that follow, we affirm.

On appeal from a criminal conviction, Downer no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict.[2] We neither weigh the evidence nor determine witness credibility, "but only determine if the evidence was sufficient for a rational trier of fact to find [Downer] guilty of the charged offense beyond a reasonable doubt."[3] "As long as there is some [competent] evidence, even though contradicted, to support each [fact] necessary [to make out] the State's case, the [jury's] verdict will be upheld."[4] "The testimony of a single witness is generally sufficient to establish a fact."[5]

So viewed, the evidence at trial shows that four-year-old F. D. and six-year-old E. D. alleged that Downer, their grandfather, had molested them. F. D. testified that, while staying at her grandparents' house, Downer pulled her pants and panties down and touched her genital area with his hand. Downer also forced her hand to touch and move his penis under his boxers. Her sister, E. D., also testified that Downer touched her genital area with his hand on top of her clothes.

The mother of the victims testified that F. D. told her that Downer touched her private parts and described the hair near Downer's privates as soft. Furthermore, F. D. revealed that Downer told her to stay quiet about the situation. The mother also testified that E. D. disclosed that Downer had touched her. The mother's conversations with her daughters occurred approximately two to three weeks after the molestations.

---

[1] OCGA § 16-6-4 (a).

[2] See *Brookshire v. State*, 288 Ga. App. 766 (655 SE2d 332) (2007).

[3] Id. (citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)).

[4] *Foster v. State*, 286 Ga. App. 250, 252 (1) (649 SE2d 322) (2007).

[5] (Punctuation omitted.) *Shorter v. State*, 271 Ga. App. 528, 528-529 (610 SE2d 162) (2005).

The mother, who was living in a battered women's shelter with her daughters, told a shelter worker about the molestation. After the worker called the Gordon County Sheriff's Department to make a report concerning the victims' revelations, the mother spoke to Detective Trish Bedford. Bedford's recorded interview with the victims following the initial police report, as well as the detective's subsequent testimony, confirmed the same details of the victims' initial outcries. Furthermore, Downer's stepdaughter, A. G., testified that Downer stated he was lying in bed with his back to F. D. when he woke up to find her hand on his penis.

The State also introduced A. G.'s testimony regarding similar transaction evidence. A. G., who is now thirty-one, testified that Downer began inappropriately touching her when she was approximately eight or nine years old after Downer married her mother. According to A. G., Downer touched her over her clothing once, touched her skin multiple times, and masturbated once in her presence. After she told her mother, A. G. was moved to her brother's room before moving in with her father.

1. Downer contends that the inconsistent testimonies of the victims and his stepdaughter's allegation were not sufficient evidence to support his guilty verdict. We disagree.

> A person commits the offense of child molestation when [he or she does] any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.[6]

The uncorroborated testimony of a child molestation victim alone authorizes a rational trier of fact to find a defendant guilty beyond a reasonable doubt.[7] Here, the testimonies of F. D. and E. D., including F. D.'s testimony that Downer touched her genital area with his hand and pulled her hand to touch his penis, as well as E. D.'s testimony that Downer touched her genital area, was sufficient to support the verdict.[8] In addition, testimonies of the victims' mother and the detective who interviewed E. D. and F. D. corroborated the victims' testimonies.[9] The conviction was also supported by additional evidence, such as the testimony regarding Downer's previous molestation of his stepdaughter.[10]

---

[6] OCGA § 16-6-4 (a).

[7] See *Honeycutt v. State*, 245 Ga. App. 819, 819-820 (1) (538 SE2d 870) (2000).

[8] See id.

[9] See *Sarratt v. State*, 299 Ga. App. 568, 569 (1) (683 SE2d 10) (2009).

[10] See id.

With respect to any inconsistencies between the victims' testimony and prior statements and the credibility of Downer's stepdaughter, we reiterate that credibility is a matter for the jury's assessment and not this Court.[11] The jury was aware of any inconsistencies and chose to credit the victims' versions of the events. Accordingly, we conclude that this evidence is sufficient to authorize the jury's finding that Downer was guilty beyond a reasonable doubt of the offenses of child molestation.

2. Downer further contends that the trial court erred by admitting similar transaction testimony regarding his prior molestation of his stepdaughter, A. G. Specifically, he argues that the State did not articulate some substantive similarity between the alleged molestation of Downer's stepdaughter and the victims in the case during the pre-trial hearings on similar transaction admissibility. We disagree.

The State properly fulfilled the requirements for introducing similar transaction evidence set forth by the three prong test in *Williams v. State*.[12] First, the State sought to introduce the evidence to show bent of mind, course of conduct, and the defendant's motive, all of which have been held to be permissible reasons.[13] Second, the State presented sufficient evidence that A. G.'s detailed testimony would show that Downer had committed the act.[14] Finally, there was ample evidence to show that the similar transaction evidence in the instant case was sufficiently similar.

> [I]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and *sufficient similarity* or connection between the independent crime and the offenses charged. The trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion.[15]

"[S]exual molestation of young children, regardless of sex or type of act, is [of] sufficient similarity to make [the] evidence admissible."[16] Furthermore, we have previously held that "similar transaction

---

[11] See id.

[12] 284 Ga. App. 255 (643 SE2d 749) (2007).

[13] See *Pareja v. State*, 286 Ga. 117, 119 (686 SE2d 232) (2009).

[14] See id.

[15] (Citations and punctuation omitted.) *Boileau v. State*, 285 Ga. App. 221, 224 (2) (645 SE2d 577) (2007).

[16] (Punctuation omitted.) *Williams*, 284 Ga. App. at 258 (2).

evidence that shows a pattern of sexual abuse against several generations of members of the same family is admissible. . . ."[17]

Here, A. G. testified that she was molested by Downer while living in his home with her mother. Her testimony stated that Downer molested her both over and under her clothing, as well as masturbated in front of her. In the instant case, E. D. and F. D. testified that they were molested by Downer while staying in his home. F. D. stated that Downer inappropriately touched her after pulling down her pants and panties, as well as forced her hand to move his penis under his boxers. E. D. testified that Downer inappropriately touched her over her clothes. Because both the instant case and the similar transaction involved Downer molesting underage family members who were in his home, we conclude that there was no abuse of discretion by the trial court in determining that there was sufficient similarity between the prior acts and the crime charged.[18] Moreover, the State's proffer prior to trial was sufficient.

3. Downer also maintains that he received ineffective assistance of counsel. Specifically, he argues that his trial counsel failed to call a witness who would have testified that the molestation allegations were fabricated by the victims. He also claims that trial counsel did not properly investigate the case due to insufficient time to prepare. The trial court denied Downer's motion for a new trial raising this claim. "We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[19] In denying Downer relief, the trial court stated that trial counsel was effective and that Downer failed to show harm.

To establish ineffective assistance of counsel,

the defendant must show that the counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[20]

The defendant has the burden to "overcome the strong pre-

---

[17] (Punctuation omitted.) *Henderson v. State*, 303 Ga. App. 531, 535 (3) (694 SE2d 185) (2010).

[18] See *Pareja*, 286 Ga. at 119.

[19] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[20] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

sumption that counsel's conduct falls within the broad range of reasonable professional conduct."[21]

(a) Downer contends that trial counsel failed to call his "star witness," M. D., the two victims' sister. Downer claims M. D. would have testified that her sisters were lying about their child molestation claims. When a court assesses "the prejudicial effect of defense counsel's failure to call a witness, [the appellant] is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[22]

As the trial court found, there is nothing in the record to indicate that M. D. would have given testimony favorable to Downer. Furthermore, trial counsel articulated to Downer's wife a valid reason for not calling M. D. as a witness, stating that calling M. D. to testify would hurt more than it would help. Thus, his strategy does not constitute ineffective assistance of counsel.[23]

Trial strategy and tactics, such as deciding which witnesses to call, do not equate with ineffective counsel unless they are so patently unreasonable that no competent attorney would have chosen them.[24] Thus, Downer has not met his burden under *Strickland*.

(b) Downer further contends that trial counsel did not have sufficient time to prepare for the trial and, therefore, did not properly investigate the case. Specifically, Downer claims that he only met twice with trial counsel, and trial counsel did not investigate Downer's family problems, which he believed could play an important role at trial. This Court, however, has held that "mere shortness of time for preparation of counsel is insufficient to show ineffectiveness."[25] Furthermore, our review of the trial transcript reveals that in the instant case, defense counsel was well versed in the law and the facts of the case, conducted a thorough cross-examination of the State's witnesses, and was granted a directed verdict of acquittal for one of the counts of child molestation.

Thus, the trial court did not clearly err by denying Downer's motion for new trial on this basis.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

---

[21] *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990).

[22] *Sarratt*, 299 Ga. App. at 570 (2) (a).

[23] See *Noe v. State*, 287 Ga. App. 728, 731 (2) (652 SE2d 620) (2007).

[24] See *Sarratt*, 299 Ga. App. at 571 (2) (c).

[25] (Punctuation omitted.) *Hinkle v. State*, 282 Ga. App. 328, 329 (2) (638 SE2d 781) (2006).

DECIDED JUNE 17, 2011.

*Jennifer E. Hildebrand*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.