**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 25, 2012**

# In the Court of Appeals of Georgia

A12A1080. WELCH v. THE STATE.                                  DO-041 C

DOYLE, Presiding Judge.

Ontarios Welch appeals the denial of his motion for new trial following his conviction of two counts of child molestation.[1] Welch argues that the trial court erred by failing to call the non-testifying child victim as a witness and that trial counsel was ineffective for failing to call the victim. We affirm, for the reasons that follow.

Viewed in favor of the verdict, the evidence shows that in 2005, Christy Welch noticed that her 12-year-old daughter, R. F., was "walking funny," and R. F. told her that "she was hurting in her private area." The mother examined R. F. and observed that the child's genital area was swollen, had "a bump," and was "split open." When

---

[1] OCGA § 16-6-4 (a) (1).

the mother asked R. F. "who messed with [her]," R. F. and her 11-year-old sister simultaneously responded that Welch, their step-father, had done so.

The mother took R. F. to the hospital, where she was examined and given medication to treat herpes. Investigator Todd Smith responded to the hospital and spoke with R. F., who told him that Welch had forced her to have sexual intercourse multiple times in the preceding four to five months. Smith arranged for a forensic interview, which was recorded.

The mother confronted Welch a few days after R. F.'s outcry, asking him if there was "anything [he] need[ed] to come clean with." Welch cried and told her that "he might as well turn himself in [and] get ready to go to jail." The mother then took Welch to speak to her brother-in-law, Jeff Freeman, and Welch told Freeman that he "slept with [R. F.]. He said he was intoxicated[,] and he thought it was Christy[, the mother]." Freeman, a fireman, then took Welch to the police station. Freeman spoke to R. F. the following day, and she told him that Welch "was messing with her."

At the police station, Welch gave a recorded statement in which he admitted having sexual intercourse with R. F. on more than one occasion. Welch was arrested and charged with two counts of child molestation.

Prior to the June 16, 2008 trial, Welch made a motion to exclude any child hearsay, arguing that R. F.'s accounts to several witnesses lacked indicia of reliability, that she recanted her statements, and that introduction of the hearsay evidence violated his rights under the confrontation clauses of the U. S. and Georgia Constitutions. The trial court denied the motion.

At trial, Investigator Smith testified that R. F. told him that "she had been forced to have sex with her step-father for at least the last four to five months . . . on more than one occasion." Smith, without objection, read aloud Welch's written statement:

> [H]as a bad drinking problem; I do thing [sic] I shouldn't do when I drink. I was hunching my daughter, thinking she was an older woman. I took her clothes off and my clothes. I did it in the living room. I have watched nasty movies on DVD. I have watched nasty [pics] on internet. I turned myself in to get some help. I need help bad. It happened when my wife was at church.[2]

---

[2] The trial court permitted the State to show the original hand-written statement to the jury.

The State also played Welch's recorded statement in which he admitted having sexual intercourse with R. F. multiple times, and Smith testified that Welch admitted having sex with the child.

Freeman also testified, relaying Welch's admission that he had "slept with" R. F. The emergency room physician who examined R. F. at the hospital testified as well, stating that R. F.'s left labia was swollen and had a small lesion, and that he could not examine her cervix because "she was in too much pain." The forensic interviewer also testified, and the State introduced, over Welch's objection, R. F.'s recorded statement. According to the interviewer, R. F.'s statements to her remained consistent, "she gave a very detailed description of the incident," and she did not display any signs indicating that she had rehearsed or had been coached.

The State elicited testimony from the mother that she took R. F. to defense counsel's office on October 5, 2006, and R. F. signed a waiver of prosecution form, stating therein: "[M]y step-dad did not subject me to child molestation, aggravated sodomy[,] or incest. I falsely accused him of the aforementioned charges because he and my mother were going through a divorce. If this case is prosecuted[,] I do not wish to testify. . . ." R. F. also signed an affidavit the same day, stating:

4

I am the step-daughter of Ontarius Welch. At no time did the Defendant attempt to have sex with me . . . or molest me in any way. I made the allegations up because he was always punishing me[,] and I was always getting in trouble[,] and I wanted him to go and leave me and my mother alone. I am sorry if I caused anyone any trouble.

The mother signed the waiver of prosecution form as a witness. According to the mother, the statements contained therein were not true, and when asked why she signed the form, the mother explained that R. F. was having a hard time, including suffering from low self-esteem and poor grades, and they were both frustrated and tired of reliving the incident for the preceding three years. The mother further explained that Welch's trial counsel had offered to handle her divorce from Welch if she and R. F. signed the affidavit and waiver of prosecution forms and Welch was acquitted.

At the conclusion of the evidence, Welch moved for a directed verdict, based in part upon hearsay evidence, which trial counsel again argued was admitted in violation of Welch's confrontation rights because R. F. did not testify. The trial court denied the motion, explaining that R. F. was present in the witness room during the trial and that neither party called her as a witness, nor did either party request that the trial court call her as its own witness.

The jury found Welch guilty of two counts of child molestation, and the trial court sentenced him to 20 years on each count, to be served consecutively. Welch filed a motion for new trial, arguing in part that the trial court erred by failing to call R. F. as a witness and that trial counsel was ineffective for failing to do so. The trial court denied Welch's subsequent motion for new trial on July 6, 2011, and this appeal followed.

1. Welch argues that the trial court erred by failing to call R. F. as a witness. We find no reversible error.

OCGA § 24-3-16 provides:

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

*Sosebee v. State*[3] construed the Code section to require that to

> introduce out-of-court declarations by the alleged victim, the court shall . . . at the request of either party, cause the alleged victim to take the stand. The court shall then inform the jury that it is the court who has

---

[3] 257 Ga. 298 (357 SE2d 562) (1987).

6

called the child as a witness, and that both parties have the opportunity to examine the child. The court shall then allow both parties to examine and cross-examine the child as though the Child Hearsay Statute has not been invoked.[4]

*Sosebee* and its progeny were recently overruled by *Hatley v. State*,[5] in which the Supreme Court of Georgia held that "the Child Hearsay Statute, as construed by this Court in *Sosebee*, . . . and in other appellate cases, cannot pass constitutional muster because it fails to put the onus on the prosecution to put the child victim on the witness stand to confront the defendant," in violation of the Confrontation Clause.[6] The *Hatley* Court went on, however, to explain that the statute can survive a Confrontation Clause attack provided that

> the prosecution . . . notif[ies] the defendant within a reasonable period of time prior to trial of its intent to use a child victim's hearsay statements and . . . give[s] the defendant an opportunity to raise a Confrontation Clause objection. If the defendant objects, and the State wishes to introduce hearsay statements under OCGA § 24-3-16, the State must present the child witness at trial; if the defendant does not object, the State can introduce the child victim's hearsay statements

---

[4] Id. at 299.

[5] 290 Ga. 480 (722 SE2d 67) (2012).

[6] Id. at 483 (I).

7

subject to the trial court's determination that the circumstances of the statements provide sufficient indicia of reliability. The trial court should take reasonable steps to ascertain, and put on the record, whether the defendant waives his right to confront the child witness.[7]

The Court also specifically noted "that when hearsay evidence is erroneously admitted in violation of the Confrontation Clause, the error can be deemed harmless beyond a reasonable doubt where the hearsay is cumulative of other admissible evidence."[8]

In the instant case, Welch specifically raised a Confrontation Clause objection to the State's introduction of the child hearsay evidence.[9] Pretermitting whether the trial court erred by admitting R. F.'s recorded interview and her statements to the police investigator, the forensic interviewer, her mother, and Freeman, any such error was harmless beyond a reasonable doubt. The evidence against Welch – the testimony of the emergency room physician, Welch's written statement and recorded

---

[7] Id. at 483-484 (I).

[8] Id. at 484 (II), citing *Gay v. State*, 279 Ga. 180, 182 (611 SE2d 31) (2005) and *Vaughn v. State*, 248 Ga. 127, 131 (281 SE2d 594) (1981).

[9] Because Welch raised a Confrontation Clause objection at trial and argues the application of *Hatley* in his appellate brief, we address the issue of the admissibility of the hearsay, notwithstanding that Welch's specific enumeration argued that the trial court erred by failing to call R. F. as a witness.

confession, and Welch's admissions to her mother, Freeman, and the police investigator – was overwhelming and cumulative of the hearsay evidence. Moreover, R. F.'s written recantations were admitted into evidence. Under these circumstances, we find no basis for reversal.[10]

2. Welch also argues that trial counsel was ineffective for failing to call R. F. as a witness.

> [I]n order to prevail on such a claim of the ineffective assistance of counsel pursuant to *Strickland v. Washington*,[11] a criminal defendant must demonstrate that his counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different; on appeal, this Court is to accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but it is to independently apply the legal principles to the facts.[12]

> Here, Welch

> cannot succeed on his ineffective assistance claim because he cannot overcome the strong presumption that his trial counsel's decision not to

---

[10] See *Hatley*, 290 Ga. at 485 (II); *Gay*, 279 Ga. at 182 (2).

[11] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[12] (Citation omitted.) *Johnson v. State,* 290 Ga. 382, 383 (2) (721 SE2d 851) (2012).

9

[call R. F. as a witness] was a matter of reasonable trial strategy, and thus cannot show that his counsel was deficient under the first prong of *Strickland.* Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them.[13]

"When a court assesses the prejudicial effect of defense counsel's failure to call a witness, the appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[14]

Here, Welch's trial counsel did not testify at the hearing on his motion for new trial, and therefore, counsel's decision not to call R. F. as a witness "must be presumed to be a strategic one."[15] Making the decision not to call a child victim is a reasonable trial strategy, particularly when the child's recantation is already in the record. Moreover, because Welch failed to establish that R. F.'s trial testimony would have been favorable to him, whether her testimony would have affected the outcome

---

[13] (Punctuation omitted.) *Flemister v. State*, ___ Ga. App. ___, ___ (4) (b) (Case No. A12A1580, decided Oct. 2, 2012).

[14] (Punctuation omitted.) *Downer v. State*, 310 Ga. App. 136, 140 (3) (a) (712 SE2d 571) (2011).

[15] (Punctuation omitted.) *Flemister*, ___ Ga. App. at ____ (4) (b).

of the trial is pure speculation. Under these circumstances, Welch has failed to meet his burden under *Strickland*.[16]

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[16] See *Flemister*, at ___ (4) (b); *Downer*, 310 Ga. App. at 140 (3) (a).