**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 6, 2019**

# In the Court of Appeals of Georgia

A19A0414. JACKSON v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Jimmie Jackson was convicted of robbery by intimidation. He appeals, arguing that the trial court erred in allowing hearsay testimony in violation of the Confrontation Clause of the Sixth Amendment. But even if the court erred, the error was harmless in light of the overwhelming evidence of guilt. So we affirm.

1. *Facts and procedural posture.*

Jackson was indicted for armed robbery and aggravated assault, with both counts of the indictment alleging that he had used a box cutter to commit the crimes at a Waffle House restaurant. Jackson pled not guilty to the charges. The case was tried before a jury.

At trial, the state presented two Waffle House employees, who testified that on July 18, 2014, Jackson entered the restaurant, held something in his hand that the employees believed was a weapon, ordered that the cash register be opened, grabbed money out of the register, and fled from the restaurant. One of the employees hid in a bathroom and called 911 while the incident was in progress. Police officers responded to the call, saw Jackson running from the scene, and apprehended him a short distance from the restaurant. The officers searched Jackson and found, among other things, that he had a box cutter and approximately $269 in cash. The Waffle House employees were brought to the scene of the arrest and identified Jackson as the robber.

Jackson was taken to the police station, where he waived his *Miranda*[1] rights and gave a statement to a detective, admitting that he had robbed the Waffle House. Jackson stated that he had gone into the restaurant, told the employees to open the register, took money from the register, ran from the restaurant, was caught by police, and had a box cutter in his pocket. The state played Jackson's recorded admission and security video of the incident for the jury.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

Sharika Astin, a Waffle House employee who was named in the indictment as the victim of the alleged aggravated assault and one of the victims of the alleged armed robbery, did not testify at trial. But over Jackson's hearsay and confrontation clause objections, the trial court allowed a police officer to testify about statements Astin had made to him at the restaurant shortly after the incident. The officer testified that Astin had told him, among other things, that a man came into the restaurant and said that he was going to rob them, that he was holding a red object, and that she did not know if it was a gun or a knife.

The jury found Jackson not guilty of the aggravated assault charge, but was unable to reach a unanimous verdict on the armed robbery charge, with three jurors voting for guilt on the armed robbery charge and nine voting for guilt on the lesser included offense of robbery by intimidation. Jackson and the state agreed to waive a unanimous verdict and accept a non-unanimous verdict of guilty on robbery by intimidation, and the trial court sanctioned that agreement.[2] The court imposed a

---

[2]"In Georgia, a criminal defendant can waive his right to a unanimous verdict. Before such waiver can become effective, a defendant must give his express and intelligent consent and obtain the government's agreement and the sanction of the trial court." *Johnson v. State*, 277 Ga. App. 41, 47 (5) (d) (625 SE2d 411) (2005) (citations and punctuation omitted). See also *Glass v. State*, 250 Ga. 736, 737-738 (1) (300 SE2d 812) (1983).

recidivist sentence of twenty years, ordering Jackson to serve seven years in confinement and the remainder on probation. After the trial court denied Jackson's motion for a new trial, this appeal followed.

2. *Hearsay and confrontation clause.*

Jackson contends that the trial court erred in overruling his hearsay and confrontation clause objections to the officer's testimony about the out-of-court statements of Waffle House employee Astin. But even if we assume, without deciding, that the court erred in admitting the testimony, any error was harmless.

When hearsay evidence is erroneously admitted in violation of the confrontation clause, such "[a]n error of constitutional magnitude can be harmless when the evidence at issue is cumulative of other properly admitted evidence or when the evidence against the defendant is overwhelming." *Yarber v. State*, 337 Ga. App. 40, 44-45 (785 SE2d 677) (2016) (citations and punctuation omitted). Accord *Miller v. State*, 289 Ga. 854, 857 (2) (717 SE2d 179) (2011). Here, the evidence of Jackson's guilt – including eyewitness identifications of him, video of the robbery, and his recorded statement admitting the robbery – was overwhelming. Because the evidence of guilt "was overwhelming, any error in admitting the [alleged hearsay] was harmless beyond a reasonable doubt." *Yarber*, supra at 46 (citations omitted). See

4

also *Dawson v. State*, 300 Ga. 332, 335 (3) (794 SE2d 132) (2016) (assuming admission of hearsay violated confrontation clause, the error was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt); *Hatley v. State*, 290 Ga. 480, 485 (II) (722 SE2d 67) (2012) (any error in admitting hearsay statements in violation of confrontation clause was harmless beyond a reasonable doubt where there was overwhelming evidence of guilt); *Warren v. State*, 283 Ga. 42, 43 (2) (656 SE2d 803) (2008) (accord). Since any assumed error in this case was harmless beyond a reasonable doubt, there is no basis for reversal. See *Welch v. State*, 318 Ga. App. 202, 206 (1) (733 SE2d 482) (2012).

*Judgment affirmed. McMillian and Goss, JJ., concur.*